**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY DEMOND BARRY, | No. 11-17817 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01722-PMP-GWF |
| v. | |
| T. FELKER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Philip M. Pro, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Timothy Demond Barry, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment violations in connection with prison officials ordering him to kneel on

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the hot asphalt of the prison yard. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we vacate and remand.

The record does not indicate that Barry received notice of the requirements to defeat summary judgment. *See Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (pro se prisoners must be provided plain language notice of the requirements to oppose summary judgment, of their right to file counter-affidavits or other evidentiary material, that their failure to do so may result in summary judgment against them, and that loss on summary judgment terminates the litigation); *see also Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (*Rand* notice must be served concurrently with motion for summary judgment "so that pro se prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose"). Further, the error was not harmless because it is not clear from the record that there are no facts that would permit Barry to prevail. *See Woods*, 684 F.3d at 941 (failure to provide adequate notice "is a ground for reversal unless it is clear from the record that there are no facts that would permit the inmate to prevail").

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**